UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:

    RANDALL G. SIMPSON,                      Case No. 14-13126-7-cjf

          Debtor.

---

## **DECISION**

The value of assets is often uncertain in bankruptcy cases. In those cases, debtors either provide their best estimate of value or state on the schedules that the value is unknown. If there is an asset of unknown value that a debtor wishes to claim exempt, the debtor asserts the exemption on Schedule C and will typically list as the amount claimed exempt the maximum amount allowed under the applicable statute or statutes. This is the best practice in such situations.

Unfortunately, the best practice was not followed in this case. Debtor Randall G. Simpson filed a Chapter 7 petition and all schedules and statements on July 17, 2014. Although the Statement of Financial Affairs contained a reference to a lawsuit titled "Randall G. Simpson vs. Zurich Insurance," no related asset was disclosed on Schedule B,[1] nor did the Debtor assert an exemption in any potential recoveries in that suit. At the Section 341

---

[1] In fact, the Debtor indicated "None" in answer to Item 21 on Schedule B.

meeting held on August 11, 2014, the Trustee inquired about the lawsuit and, upon determining it related to a possible personal injury claim, asked the Debtor to provide information about the claim and to amend the schedules. The Debtor did not amend or provide the requested information. On September 25, 2014, the Trustee wrote to counsel for Debtor again requesting information on the lawsuit and an amendment to Schedule C. The Debtor and his lawyer failed to respond in any way to the Trustee. On December 5, 2014, the Trustee again pointed out the failure to provide any information or to amend the schedules.

Apparently, Debtor's attorney, Thomas Mulligan, continued to represent the Debtor in the personal injury suit after the petition date. He did not seek approval of his retention or communicate with the Trustee about the status of that suit until April 20, 2015. At that time, he wrote to the Trustee indicating he was negotiating a settlement of the suit and anticipated the settlement would be in the approximate amount of $9,000. Attorney Mulligan also stated the "attorney fees on that (settlement) would be $3,000 and the attorney fees for his bankruptcy would be $2,000, giving [debtor] a net of around $4,000."[2]

On April 30, 2015, the Debtor finally amended Schedule C to assert an exemption under Wis. Stat. § 815.18(3)(i) for the personal injury action. Rather

---

[2] The Disclosure of Compensation of Attorney for Debtor states that Attorney Mulligan agreed to accept no payment for representation in the bankruptcy, that nothing had been paid to him, and that there was no balance due. Further, an Application for Waiver of the Filing Fee was filed and granted.

2

than specify an amount claimed exempt, the Amended Schedule C merely stated "TBD."

The Trustee objected to the claim of exemption. Following a preliminary hearing on the objection, the Debtor filed a further amended Schedule C asserting an exemption in the amount of $9,500. The Trustee renewed his objection, arguing the exemption was not asserted within a reasonable time and that the Debtor presented no reasonable excuse for the almost 10-month delay. The Trustee objects to any funds being paid to Attorney Mulligan for representation in connection with the personal injury action or with the bankruptcy proceeding.

Debtor responds that the exemption was not initially asserted because the Debtor didn't know the value of the personal injury claim. The Debtor does not explain the failure to respond to the Trustee with information on the personal injury action or to file amendments promptly in response to any one of the three requests by the Trustee to do so. Neither does the Debtor respond to the objection to payment of any amounts to Attorney Mulligan or Mulligan's suggestion that he be entitled to deduct attorney's fees from any settlement.

The Trustee posits the claim of exemption was not timely filed under Wis. Stat. § 815.18(6)(a) and therefore should be disallowed. The Debtor argues the claim was timely filed and should be allowed.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 and pursuant to the Western District of Wisconsin's Administrative Order 161 (July 12, 1984) (the order of reference entered pursuant to 28 U.S.C. § 157(a)). Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Proceedings concerning exemptions from property of the estate are core proceedings integral to the adjustment of the debtor-creditor relationship. 28 U.S.C. § 157(b)(2)(B); *cf. Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594, 2617, 180 L. Ed. 2d 475 (2011). As such, this Court has both the jurisdiction and the authority to enter a final judgment in this matter.

## DISCUSSION

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b)(1). A debtor may elect to take the exemptions that are provided by applicable state law. 11 U.S.C. §§ 522(b)(1), (3).

Wisconsin Statutes Section 815.18(3)(i)1.c. contains an exemption for payments arising from personal bodily injury not to exceed $50,000. The exemption statute further provides:

> A debtor shall affirmatively claim an exemption . . . . The debtor may make the claim at the time of seizure of property or within a reasonable time after the seizure, but shall make the claim prior to the disposition of the property by sale or court order. Exempt property is not exempt unless affirmatively claimed exempt . . . .

WIS. STAT. § 815.18(6)(a).

Section 815.18(6)(a) contains many words that are not defined in the statute. The words or phrases at issue in this case are "seizure" and "within a reasonable time after seizure." The Trustee argues that seizure happens at the time the petition is filed and the bankruptcy estate is created. The Debtor argues seizure is not automatic, but "requires affirmative steps by the trustee." The Trustee reads the statute as requiring the Debtor to affirmatively claim a specific exemption within a reasonable time after seizure. The Debtor argues the statute allows a debtor to claim an exemption at any time before the case is closed or there has been a disposition of the asset.

Seizure is "[t]he act or an instance of taking possession of a person or property by legal right or process." *Black's Law Dictionary* 1564 (10th ed. 2014). The claim or cause of action was owned by the Debtor on the petition date and became property of the estate on that date pursuant to 11 U.S.C. § 541. It thus became subject to administration on that date. The Court concludes "seizure" occurred on the petition date for the purpose of Wis. Stat. § 815.18(6)(a).

The Supreme Court ruled that a court must have a valid statutory basis to deny an exemption. *Law v. Siegel*, ___ U.S. ___, 134 S. Ct. 1188, 1196, 188 L. Ed. 2d 146 (2014). The Bankruptcy Code contains no general equitable or inherent power to deny an exemption simply based on a debtor's conduct. *Id.* "[F]ederal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Id.* at 1197.

Thus, the dilatory conduct of the Debtor and his counsel in waiting almost 10 months to assert an exemption is not, by itself, sufficient ground to deny the exemption. Rather, some specific provision in either the Bankruptcy Code or in the state exemption statutes that supports denial of the exemption must exist. In this case, the Debtor claimed state exemptions. The scope of the exemption is determined by state law. *Id.* State law may provide specific types of debtor misconduct that would warrant denial of the exemption. *Id.*

The over-arching principle of statutory construction is that a statute should be construed in line with the legislative intent. The statute's language is the best and most reliable indicator of the statute's meaning and must be consulted first. The language of the statute should be construed in view of the statute's purpose. 3A *Sutherland Statutory Construction* § 70:6 (7th ed). If the statute is unambiguous, the text of the statute determines the intent. If the statute is ambiguous, extrinsic evidence may be used to determine intent. *Id.*

The interpretation of a statute begins with the text of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110, 124 (2004). If the language of the statute has a plain meaning, then the inquiry stops and the plain meaning is applied. *Id.* The language is to be given its "common, ordinary, and accepted meaning." *Id.* When a word is not defined in the statute, courts use the ordinary dictionary meaning. *Sutherland* § 70:6.

Context is also an important consideration. *Kalal*, 681 N.W.2d at 124. Statutory language is interpreted in the context in which is it used and as part

6

of a whole, rather than in isolation. *Id.* Further, examining purpose and context does not require an ambiguity. *Id.* It is not inconsistent with the plain-meaning rule to consider the context in which language is used or the purpose of a statute. *Id.* Purpose may be a valuable guide where a statute's effect is unclear or does not speak to a certain circumstance. *Sutherland* § 45:9. Therefore, a court may examine scope, purpose, and context even if the statute is unambiguous, as long as the purpose, for example, is evident from the text of the statute.

  The disagreement between the Trustee and the Debtor centers on the use of the words "may" and "shall" in the same sentence. The word "shall" usually imposes an imperative duty. *Sutherland* § 70:6. "Shall" does not have a fixed connotation, and its meaning is determined from the context in which the word appears. *Id.* The word "may" does not connote a command, but generally represents permissive conduct and confers discretion, unless the context requires otherwise. *Id.* "May" is usually permissive, whereas "shall" is usually mandatory. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 301-02, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989).

  These principles suggest the first clause—"may make the claim at the time of seizure of property or within a reasonable time after the seizure"—does not require the claim to be made at the time of seizure, but merely makes it permissive to claim the exemption at that time. The second clause—"shall make the claim prior to the disposition of the property by sale or by court order"—would then set the deadline for asserting an exemption.

Courts are also to construe the language of the statute in line with the statute's purpose. *Sutherland* § 46:5; *see Reves v. Ernst & Young*, 494 U.S. 56, 60-61, 110 S. Ct. 945, 108 L. Ed. 2d 47 (1990). Section 815.18(1) states: "This section shall be construed to secure its full benefit to debtors and to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges." WIS. STAT. § 815.18(1).

The statute does not define what constitutes a reasonable time. As a result, the Court must interpret the statute in light of the principles of statutory construction. Section 815.18 does not state specific misconduct warranting denial of the exemption. It simply requires that an exemption be asserted within a "reasonable time after seizure" and, in all cases, prior to disposition. Reasonable time after seizure is not defined in the statute.

Bankruptcy Rule 1009 indicates a debtor has a general right to amend schedules at any time before the case is closed. *In re Yonikus*, 996 F.2d 866, 871-72 (7th Cir. 1993) (abrogated on other grounds). Wisconsin Statutes Section 815.18 is silent on amendments. The sole case interpreting amendment of exemptions under the state statute is *Tralmer Sales & Serv., Inc. v. Erickson*, 186 Wis. 2d 549, 521 N.W.2d 182 (Wis. Ct. App. 1994). *Tralmer* involved a debtor who asserted an exemption in business property and consumer goods. The debtor later amended the exemptions to change certain items already claimed exempt from one category to another. The court held that "[s]o long as a debtor initially files claimed exemptions within a reasonable

8

time after seizure and prior to disposition . . . nothing prohibits a debtor from amending a claim." *Id.* at 190. The court ruled that since the debtor filed his claims of exemptions initially within a reasonable time, he was able to amend them. *Id.* at 190. The *Tralmer* court did not discuss whether this rule applied only to exemptions that had already been filed, or if the rule could be extended so that a debtor could amend to add additional exemptions. The *Tralmer* court did, however, reject the assertion that it create a requirement that amendments must also be made within a reasonable time after seizure. *Id.* The court reasoned that such a rule would be "inconsistent with the legislature's charge in § 815.18(1), that we construe the exemption statute 'to secure its full benefit to debtors.'" *Id.*

The state statute supporting liberal construction of exemptions is consistent with the federal policy of affording liberal construction to exemptions. Because the state statute does not define "reasonable time after seizure," it is appropriate to consider the timing for claiming or amending exemptions under the Code. Harmonizing Bankruptcy Rule 1009 and Wis. Stat. § 815.18(6), the closure of the case can be viewed as defining a "reasonable time" following seizure.

The remaining portion of the Trustee's objection relates to whether any of the personal injury settlement proceeds may be paid to Debtor's attorney. The Debtor's attorney suggested to the Trustee that $3,000 would go to his fees for negotiating the settlement, and another $2,000 would go to him for his fees in the bankruptcy case. For a debtor's attorney to receive compensation from the

9

estate in a chapter 7 case, he must be employed as required under section 327. *In re Weinschneider*, 395 F.3d 401, 404 (7th Cir. 2005). Section 327 states that professional persons may be employed by the trustee with the approval of the court. Attorney Mulligan did not file an application for employment or compensation to prosecute and settle the personal injury case. While any recovery may be exempt, it is still property of the estate. If any attorney is entitled to compensation, it would be the attorney retained by the Trustee with court approval. The Trustee did not retain Attorney Mulligan. Therefore, he is not entitled to receive compensation for those services.

The Disclosure signed and filed by Attorney Mulligan states he has not received any payment for services in connection with the bankruptcy, does not expect to receive any, and that no payment is due for such services. Based on that Declaration, no payment can be made from any personal injury settlement to Attorney Mulligan for services related to the bankruptcy since, by his own admission, no fees are due him.

## CONCLUSION

Waiting so long to claim the exemption was, at the least, sloppy and lazy on the part of Debtor's counsel. Ten months was certainly not, under the circumstances of this case, a reasonable time after the petition date. However, that alone is not enough to deny the exemption. The language in Wis. Stat. § 815.18(6) is broad enough, read in conjunction with Rule 1009, to allow a debtor to amend his exemptions to add additional claims up to the time the case is closed. Therefore, for the reasons stated, the Trustee's objection is

overruled. Compensation to Attorney Mulligan is also denied. Finally, upon settlement of the personal injury action, the fee waiver will be vacated and the Debtor shall be required to pay the filing fee.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: September 23, 2015.

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge